UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KOHL HARRINGTON, </br></br>Plaintiff, </br></br>v. </br></br>FOOD AND DRUG ADMINISTRATION, *et al.*, </br></br>Defendants. | Civil Action No. 20-1895 (JEB) |

## JOINT STATUS REPORT

Pursuant to the Court's February 12, 2020, Minute Order, the parties respectfully submit this joint status report and their respective positions with regard to a schedule for further proceedings in this Freedom of Information Act ("FOIA") litigation involving certain requests submitted to the U.S. Food and Drug Administration ("FDA").

### I.  Plaintiff's Position

Plaintiff's complaint addresses 8 requests. To date, Defendant has failed to provide a determination as to any of them. Plaintiff has attempted to negotiate a processing rate for the subject requests with Defendant. Defendant has declined to discuss the requests at issue before the court without also dealing with requests that are the subject of other litigation, or not the subject of litigation at all; this includes a significant majority of Plaintiff's requests to Defendant that have been "administratively closed" and are not currently being processed.

It is plaintiff's position that this court has jurisdiction over the 8 requests at issue, and Defendant continues to violate FOIA by failing to respond. Plaintiff believes that an order

requiring Defendant to process 500 pages of potentially responsive records per month is appropriate.

## II.     Defendant's Position

The parties have conferred about the eight FOIA requests at issue here. They also have discussed, more broadly, a possible framework for managing more than 900 additional FOIA requests Plaintiff submitted to FDA. Despite these efforts, the parties have been unable to reach an agreement.

FDA takes its obligations under FOIA seriously and is committed to providing information to Plaintiff, as well as other members of the public. While the eight FOIA requests Plaintiff selected to litigate here may be in the foreground, a view of this case through a wider lens reveals a troubling landscape.

Within a recent two-year period alone, Plaintiff has submitted over 2,200 FOIA requests. FDA already has responded to approximately 1,300 of those requests, but Plaintiff's stream of submissions continues unabated. Ten of Plaintiff's requests are the subject of another FOIA lawsuit that predated this case. *See Harrington v. FDA*, Civ. A. No. 20- 0656 (RDM) (D.D.C. filed Mar. 9, 2020) ("*Harrington I*"). The parties in *Harrington I* agreed to a rolling production schedule, *see id.* ECF No. 13, and FDA's Center for Veterinary Medicine ("CVM") has made multiple productions to Plaintiff. The requests at issue in *Harrington I* cover a 20-year period and involve over 30 record custodians/sources. As a result, CVM's review and production of records in *Harrington I* are expected to continue for some time. Plaintiff, however, has since proceeded with this lawsuit and submitted even more requests to the agency. Plaintiff also has submitted to FDA requests that postdate the filing of this lawsuit. It is a considerable understatement to state

that the sheer volume of Plaintiff's continually accruing requests has substantially burdened FDA's limited FOIA resources.

Both before and since Plaintiff filed *Harrington I* in March 2020, FDA has been receptive and willing to discuss with Plaintiff a productive path forward regarding his existing and consistent stream of new requests. FDA has conferred with Plaintiff's counsel on multiple occasions, but they have not been willing to address FDA's concerns about the backlog of Plaintiff's FOIA requests and the continuing number of requests submitted. Plaintiff focuses solely upon the eight requests at issue here and will not address his greater than 900 remaining requests and continual stream of new requests.

Plaintiff's unwillingness to engage in these discussions—whether informally through FDA FOIA staff with Plaintiff, through agency mediation, or through Plaintiff's counsel—and address the broader issues related to his expanding volume of FOIA requests poses multiple problems. FDA has proposed that Plaintiff narrow the requests he has outstanding, prioritize them, and close out redundant requests or those in which he is no longer interested, which would be a meaningful step to resolve the backlog issue so that FDA can confidently move forward with resolving the FOIA requests at issue in this case. Currently, FDA lacks a sufficient understanding of the actual scope of the overall processing burden associated with all of Plaintiff's FOIA requests. Furthermore, Plaintiff has failed to continue discussion with FDA about whether he foresees filing additional FOIA lawsuits about subsets of his FOIA requests. Any such lawsuits have the potential to disrupt or impact previously agreed upon production schedules.

In light of the issues set forth above, the agency is unable to commit to Plaintiff's proposal for a processing rate of 500 pages per month for the eight requests at issue. Nevertheless, the agency will agree to commence at this time processing of six requests that are assigned to FDA's

Office of Regulatory Affairs and Office of the Commissioner components. With respect to these six requests, FDA anticipates making an initial production on or before March 26, 2021. FDA will act in good faith to release records on a rolling basis every six weeks thereafter until the review and production are complete.

The agency is not able at this time, however, to provide a schedule for the remaining two requests at issue here. These two requests are assigned to FDA's CVM component, which, as noted above, is currently processing and releasing records in response to the ten requests at issue in *Harrington I*. CVM also has multiple other requests from Plaintiff in its processing queue that pre-date the two at issue in this case. Once CVM completes the processing of the ten requests at issue in *Harrington I* and Plaintiff's other, earlier submitted requests remaining in its queue, the agency will propose a schedule for the remaining two requests at issue.

*   *   *

The parties propose to file another joint status report on or by April 12, 2021.

Dated: February 26, 2021	Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:	/s/ Robert A. Caplen
ROBERT A. CAPLEN, D.C. Bar #501480
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2523
robert.caplen@usdoj.gov

*Counsel for Defendants*


By:	/s/ Matthew Topic
Matthew Topic, D.C. Bar No. IL0037
Joshua Burday, D.C. Bar No. IL0042
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com

*Counsel for Plaintiff*